**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNBEATABLESALE.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> FASCINATIONS, INC., <br><br> Defendant. | Civil Action No. 25-13533 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Fascinations, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 5) Plaintiff Unbeatablesale.com, Inc.'s ("UBS") Complaint (ECF No. 1-1), and UBS's Cross-Motion for Leave to Take the Deposition ("Motion to Depose") of Defendant's CEO (ECF No. 8). UBS opposed Defendant's Motion to Dismiss (ECF No. 7), and Defendant replied and opposed UBS's Motion to Depose (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss and denies UBS's Motion to Depose.

**I.     BACKGROUND**[1]

    **A.     Factual Background**

UBS sells products on UnbeatableSale.com, and on other platforms including Amazon.com ("Amazon"). (Compl. ¶ 5, ECF No. 1-1.) UBS sold Defendant's products on its storefront on

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Amazon. (*Id.* ¶ 6.) UBS alleges it is an authorized reseller of Defendant's products through Emery Jensen, a wholly-owned subsidiary of Ace Hardware Corp, and via the first sale doctrine. (*Id.* ¶¶ 7, 14, 22.) On or about April 21, 2025, however, Defendant complained to Amazon alleging that five of UBS's product listings were infringing on its copyrights. (*Id.* ¶¶ 8-9.) The complaint generated a Notice of Policy Warning by Amazon. (*Id.* ¶ 10.) The notice lists the rights owner as Defendant and the e-mail as corporate@fascinations.com. (*Id.* ¶¶ 11-12.) UBS alleges that: the products made by Defendant and sold by UBS are genuine and not counterfeit; it does significant business per week on Amazon; Defendant's complaint is baseless and threatens to place UBS's Amazon account in jeopardy of deactivation; and such deactivation would pose an existential threat to UBS's survival. (*Id.* ¶¶ 13, 18-20.)

B. **Procedural Background**

Plaintiff initially brought this case in the Law Division of the New Jersey Superior Court, Ocean County, New Jersey, and Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.) The Complaint includes two causes of action: (1) tortious interference with a contract ("Count One"); and (2) defamation ("Count Two"). (Compl. ¶¶ 28-37.)

On July 30, 2025, Defendant filed the instant Motion to Dismiss. (Def.'s Mot., ECF No. 5.) UBS opposed (Pl.'s Opp'n Br., ECF No. 7), and filed a Motion to Depose seeking deposition testimony on the jurisdictional issues raised by the Motion to Dismiss (Pl.'s Mot. to Depose, ECF No. 8). Defendant replied to UBS's opposition to its Motion to Dismiss and opposed UBS's Motion to Depose. (Def.'s Reply Br., ECF No. 10.) Plaintiff thereafter filed correspondence alerting the Court of the decision in *Mark IV Transportation & Logistics, Inc. v. United States Global Logistics, LLC*, No. 25-4096, 2025 WL 2938591 (D.N.J. Oct. 16, 2025). (Pl.'s

Correspondence, ECF No. 17.) Defendant filed correspondence in response. (Def.'s Correspondence, ECF No. 18.)

## II.     **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure[2] 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citations omitted). "[P]arties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.* (citation omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 414 n.9 (1984)).

General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home[]' . . . are the corporation's place of incorporation and its principal place of business." *BNSF*

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

*Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler*, 571 U.S. at 137). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "aris[es] out of or relate[s] to the defendant's contacts with the forum"; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923-24 (alterations in original) (citations omitted).

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97 (citations omitted). Still, the plaintiff must establish "'with reasonable particularity sufficient contacts between the defendant and the forum state'" to support jurisdiction. *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). And the plaintiff must establish these "jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of [personal] jurisdiction." *Miller Yacht Sales*, 384 F.3d at 101 n.6 (Scirica, J., concurring) (first and second alteration in original) (internal citation and quotation marks omitted). Indeed, the plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, 66 n.9 (3d Cir. 1984). If the plaintiff meets this burden, the burden shifts to the defendant, who must make a compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at 1226 (citations omitted).

## III. DISCUSSION

Defendant argues that it is not subject to personal jurisdiction in New Jersey. (*See generally* Def.'s Moving Br., ECF No. 5-1.) The Court addresses whether it has general jurisdiction or specific jurisdiction over Defendant.

### A.  General Jurisdiction

Defendant argues that it is not subject to general jurisdiction in New Jersey. (*Id.* at 8-12.) To establish general jurisdiction over a defendant, a plaintiff must show that the defendant is essentially "at home" in the state a lawsuit is filed. *Daimler*, 571 U.S. at 122. As mentioned previously, "[t]he 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF*, 581 U.S. at 413 (citing *Daimler*, 571 U.S. at 137); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (same). In fact, in all but "exceptional case[s]," a corporation is "essentially at home" and thus subject to general jurisdiction in its state of incorporation and its principal place of business. *Daimler*, 571 U.S. at 139, 139 n.19. The Supreme Court, moreover, has expressly rejected the proposition that even a "substantial, continuous, and systematic course of business" in the forum state is sufficient to confer general jurisdiction over a foreign corporation. *Id.* at 137-138 (quotation omitted); *see Goodyear*, 564 U.S. at 929 (criticizing "the sprawling view of general jurisdiction" whereby "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed").

Here, Defendant is a Washington corporation with its principal place of business in Washington. (Notice of Removal ¶ 13.) There is no allegation that Defendant has any employees, agents, or bank accounts in New Jersey. (*See generally* Compl.) UBS, instead, argues that the Court may exercise general jurisdiction over Defendant based on the fact that Defendant's website states

that you can purchase their toys and gifts at "Innovatoys," and there is "[f]ree [s]hipping for [a]ll [o]rders[,]" which is applicable "for all states." (Pl.'s Opp'n Br. 6-7.) UBS contends that because "all states" includes New Jersey, this Court can exercise general jurisdiction over Defendant. (*Id.* at 7.) UBS is incorrect. The fact that Defendant sells items through its website in New Jersey is not enough to subject Defendant to general jurisdiction in the state. *See Daimler*, 571 U.S. at 138, 139 n.19; *Telebrands Corp. v. Altair Instruments, Inc.*, No. 18-16234, 2019 WL 3804837, at *4 (D.N.J. Aug. 13, 2019) ("'Generally speaking, Internet contacts, standing alone, will not constitute the substantial, continuous, and systematic contacts required for general jurisdiction.'") (quoting *UHS of Del., Inc. v. United Health Servs., Inc.*, No. 12-485, 2013 WL 12086321, at *8 n.6 (M.D. Pa. Mar. 26, 2013)). Here, Plaintiff has failed to demonstrate that the Court has general jurisdiction over Defendant. *See BNSF*, 581 U.S. at 413 (citing *Daimler*, 571 U.S. at 137).

### B.     Specific Jurisdiction

Defendant next argues that it is not subject to specific jurisdiction in New Jersey because UBS's causes of action arise out of Defendant's complaint to Amazon that Plaintiff's product listings were infringing on its copyrights, and that complaint did not occur in New Jersey. (Def.'s Moving Br. 13-14.)

UBS alleges that this Court has personal jurisdiction over Defendant because "on information and belief, [Defendant] has numerous customers in the State of New Jersey." (Compl. ¶ 3.) UBS also contends that because Defendant "has a small number of sales to individual retailers in New Jersey[,]" Defendant has sufficient minimum contacts to "comport with fair play and substantial justice." (Pl.'s Opp'n Br. 8.) UBS, moreover, submits that it has had seventy-two sales of Defendant's products to New Jersey residents from multiple platforms which UBS alleges Defendant shipped directly to New Jersey residents, which it argues, establishes that Defendant

purposefully directed its activities to New Jersey. (*Id.*; Ex. 2 to Fisher Decl. ("Sales Report"), ECF No. 7-1.) UBS submits that "[b]y complaining about a New Jersey company, Defendant purposefully directed its activities at New Jersey." (Pl.'s Opp'n Br. 7.)

The Supreme Court has articulated two tests for specific jurisdiction: (1) the "traditional" test—also called the "minimum contacts" or purposeful availment test, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464, 474, 475 (1985) (quoting *Int'l Shoe Co. v. State of Wash, Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)); and (2) the so-called *Calder* "'effects' test," *Calder v. Jones*, 465 U.S. 783, 787 n.6 (1984). The traditional test and the *Calder* effects test have distinct requirements, and both tests should be considered. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 189 (3d Cir. 2024) (explaining that "the effects test . . . require[s] that the tortious actions of the defendant have a forum-directed purpose" whereas "the traditional specific jurisdiction analysis simply requires that the plaintiff's claims arise out of or relate to the defendant's forum contacts") (citation omitted). Here, Plaintiff failed to satisfy either test as discussed below.

### 1. The Traditional Test

The traditional test for specific jurisdiction focuses on a defendant's "minimum contacts" with the forum state and entails a three-step analysis. *O'Connor*, 496 F.3d at 316-317. *First*, the defendant must have "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State[.]'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987)). This prong of the analysis requires that the defendant had "minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citation omitted). *Second*, the plaintiff must show its

claims "'arise out of or relate to'" at least one of those contacts or activities. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting *Helicopteros*, 466 U.S. at 414). Courts have consistently emphasized that "[f]or the contacts to satisfy the second prong, there must be 'a strong relationship among the defendant, the forum, and the litigation.'" *Hepp*, 14 F.4th at 208 (citation modified). *Third*, even where the foregoing requirements are met, the Court must be satisfied that the exercise of personal jurisdiction "'comports with traditional notions of fair play and substantial justice'" such that "the defendant 'should reasonably anticipate being haled into court' in that forum." *Toys "R" Us*, 318 F.3d at 451 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Under the traditional test, taking UBS's allegations as true, Defendant *has* taken a deliberate act to do business in New Jersey by having customers in the State; however, UBS's claims do not arise out of Defendant's contacts with the State. (*See generally* Compl.) UBS's claims against Defendant are premised entirely on the complaint Defendant submitted to Amazon. (*See id.* ¶ 30 (alleging that Defendant "intentionally and maliciously interfered with" UBS's contractual relationship with Amazon "by submitting a complaint to Amazon which falsely alleges that [UBS] has infringed on Defendant['s] . . . intellectual property" (Count One)); *id.* ¶¶ 35-36 (alleging that "Defendant's complaint alleging that [UBS] had infringed [on] Defendant['s] . . . intellectual property is the assertion of a false and defamatory statement concerning another[,]" and "constituted the unprivileged publication of that statement to a third party" (Count Two)).) Importantly, Defendant's communication to Amazon was sent via e-mail message from Defendant in Washington state to an Amazon employee in Washington state. (Hones Decl. ¶ 24, ECF No. 5-2.) Moreover, the last of the seventy-two shipments UBS alleges Defendant sent to New Jersey is dated September 6, 2013, over twelve years ago. (Sales Report.) None of those sales have to do

with the present action. (*See generally* Sales Report; *see generally* Compl.) The connection between these purported twelve-year-old sales is far too attenuated from the complaint Defendant made to Amazon in 2025 that forms the basis of this action to meet the threshold of "a strong relationship among the [D]efendant, the forum, and the litigation." *Hepp*, 14 F.4th at 208 (citation modified).

### 2.     The Calder Effects Test

The alternative test, the "*Calder* effects test," was recognized by the Supreme Court in *Calder v. Jones*, holding that under certain circumstances involving intentional torts, the jurisdictional analysis may focus on a defendant's intention to affect or reach the forum state with its alleged misconduct. 465 U.S. at 789-90. The *Calder* effects test requires a plaintiff to allege:

> (1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) [t]he defendant expressly aimed [its] tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity . . . .

*Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 500 (D.N.J. 2017) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). The *Calder* effects test, as interpreted by the Third Circuit, provides that a defendant's "conduct and connection with the forum State [must be] such that [the defendant] should reasonably anticipate being haled into court there." *Marten*, 499 F.3d at 297 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). To assert specific personal jurisdiction, plaintiffs must allege "claim-specific jurisdiction over [d]efendants," meaning "'an affiliatio[n] between the forum and the underlying controversy[.]'" *Christie*, 258 F. Supp. 3d at 499 (second alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)).

Plaintiff fails to satisfy the *Calder* effects test. UBS's Complaint fails to adequately allege, and UBS fails to establish that Defendant's conduct in connection to New Jersey would lead it to reasonably anticipate being haled into court in New Jersey. (*See generally* Compl.) UBS's Complaint also fails to adequately allege, and UBS fails to establish that Defendant expressly aimed its tortious conduct at the state. (*See generally id.*) As such, this Court does not have specific personal jurisdiction over Defendant. *See Atcom Support LP v. Maria*, No. 15-28, 2016 WL 4118914, at *4 (D. Del. Aug. 1, 2016) ("Specific Jurisdiction cannot be met" because the "claim does not arise from [the defendant's] business in [the forum state]."), *R. & R. adopted*, No. 15-28, 2016 WL 5867407 (D. Del. Oct. 4, 2016).[3]

### IV.  CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted, and the Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

                                                  /s/ Michael A. Shipp
                                                  **MICHAEL A. SHIPP**
                                                  **UNITED STATES DISTRICT JUDGE**

DATED:  *Feb. 5* , 2026

---

[3] In the alternative, UBS argues that this Court should permit limited discovery on the issue of personal jurisdiction, including permitting it to depose Defendant's CEO. (Pl.'s Opp'n Br. 8-11.) In support of its argument, UBS cites *Mark IV*, 2025 WL 2938591, at *1 n.3, for the proposition that because Defendant is a corporate defendant, and UBS's claims are not clearly frivolous, there is a presumption of jurisdictional discovery. (*See generally* Pl.'s Correspondence.) UBS's reliance on *Mark IV*, however, is misplaced. There, the Court noted that "[w]here there is a corporate defendant . . . jurisdictional discovery should be allowed . . . where, among other things, a defendant knowingly sent *relevant* communications *into* the forum state." *Mark IV*, 2025 WL 2938591, at *1 n.3 (emphases added) (internal quotations and citations omitted). For the reasons discussed above, Defendant did not direct the relevant communications into New Jersey, but from Washington state *to* Washington state. (Compl. ¶¶ 30, 35-36; Hones Decl. ¶ 24.) The Court, accordingly, denies UBS's request for jurisdictional discovery and Motion to Depose.